I agree that Houpt is entitled to the $19,000.00 recovered by the police from the sealed box located in the trunk of his vehicle. This is so because the money is, in my view, properly classified as, property recovered by the police.
The issue presented for consideration as I view it, concerns whether the money should be forfeited to the City of Berea pursuant to R.C.2933.41, or returned to Houpt pursuant to R.C. 737.29, two code sections which apparently can be considered to apply and control the disposition of this property.
Berea asserts entitlement to the money based on provisions of R.C.2933.41(D), which states in relevant part:
 Unclaimed or forfeited property in the custody of a law enforcement agency * * * shall be disposed of on application to and order of any court of record that has territorial jurisdiction over the political subdivision in which the law enforcement agency has jurisdiction to engage in law enforcement activities, as follows:
(1) Drugs, pursuant to R.C. 3719.11 * * *.
 (2) Firearms and dangerous ordnance * * * may be given to a law enforcement agency * * * or sold * * *.
(3) Obscene materials shall be destroyed.
(4) Beer, intoxicating liquor * * * shall be sold * * *.
 (5) Money received by an inmate * * * shall be returned to sender * * *.
 (6) Vehicles * * * may be given to a law enforcement agency * * *.
 (7) Computers * * * may be given to a law enforcement agency * * *.
 (8) Other unclaimed or forfeited property, with the approval of the court, may be used by the law enforcement agency that has possession of it.
Citing subsection (8) and noting that Houpt denied ownership of the money on six separate occasions, the city has asked the court to permit forfeiture of it.
Contrasted with this claim, however, Houpt asserts in part, R.C. 737.29, styled, Property recovered by police, and urges that it authorizes return of the money to him despite his assertion that he is not the owner of the property. That section states:
 Stolen or other property recovered by members of the police force of a municipal corporation shall be deposited and kept in a place designated by the mayor. Each such article shall be entered in a book kept for that purpose, with the name of the owner, if ascertained, the person from whom taken, the place where found with general circumstances, the date of its receipt, and the name of the officer receiving it.
 An inventory of all money or other property shall be given to the party from whom taken, and in case it is not claimed by some person within thirty days after arrest and seizure it shall be delivered to the person from whom taken, and to no other person, either attorney, agent, factor, or clerk, except by special order of the mayor.
(Emphasis added.)
A careful reading of R.C. 2933.41 indicates it is a forfeiture statute which provides the manner of disposition of property which had been obtained as evidence against a defendant. Typical examples include money recovered in connection with bribery charges, money recovered from prostitutes, and money recovered from persons accused of gambling. None of those kinds of instances occurred here.
Rather, in this case, the police recovered the money located in a sealed container in the trunk of Houpt's vehicle in connection with an inventory search of his vehicle following his arrest for driving under the influence of alcohol. Thus, the money recovered from the trunk of his vehicle was not confiscated in connection with the charge for which he had been arrested as in the examples of bribery, prostitution, or gambling, but rather, inadvertently discovered as part of an inventory search in connection with the policy of the Berea police department to tow such vehicles. The money was not, therefore, confiscated by the police as evidence of his criminal activity.
Thus, in my view, because this money had been recovered from the trunk of Houpt's vehicle in connection with an inventory search prior to towing the vehicle, it is not contraband nor held as evidence of Houpt's criminal activity. As such, and like all other non-contraband property recovered by policing agencies who conduct inventory searches, it is, in accordance with R.C. 737.29, to be returned to the person from whom it had been taken unless claimed by some other individual within thirty days.
Here, no one has claimed the money. There is no reason why the property recovered from Houpt, who admittedly had been driving while under the influence of alcohol, is not entitled to the provisions of R.C. 737.29 as there is no evidence that this money has been used criminally or other evidence that would justify a court ordering it to be forfeited to the police. Accordingly, in my view and in accordance with R.C. 737.29, the property is to be returned to the person from whom taken, in this case, James Houpt.